55 CCPA

**JOHN V. CARR & SON, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5287.**

United States Court of Customs and Patent Appeals.

June 27, 1968.

———◆———

Barnes, Richardson & Colburn, New York City (Joseph Schwartz, New York City, of counsel), for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Bernard J. Babb, New York City, for the United States.

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, and KIRKPATRICK.*

RICH, Judge.

This appeal is from the judgment of the United States Customs Court, First Division, Appellate Term, 58 Cust.Ct. 809, A.R.D. 219 (1967), reversing the judgment of a single judge in reappraisement, 54 Cust.Ct. 513, Reap.Dec. 10902 (1965), and remanding to him to find a value in accordance with the Appellate Term's views.

The merchandise, imported from Canada, consists of baling presses, machines which reduce a whole automobile body to the size of a standard bale in about two

United States, 383 U.S. 821, 822, 86 S.Ct. 1128, 16 L.Ed.2d 288.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

minutes. Each press is made up of a "superstructure" and a power unit comprising motors and hydraulic equipment. The power units of the four imported presses were of American origin.

The presses were each appraised at $96,000,[1] which included $24,915 for American materials constructively segregable. The appraisal was at foreign value. Appellee's contention, as will appear, is that motor and superstructure should be separately appraised. It is then urged that superstructures themselves have no foreign value, export value, or United States value and, therefore, should be appraised at their cost of production. Tariff Act of 1930, § 402, 19 U.S.C. 1402 (1964). The issue in this case is the preliminary one—whether the complete baling press as an entity was properly the subject of appraisement.

In an appeal for reappraisement, the single judge held that only the superstructures constituted an "importation" and that appraisement of the complete baling press was therefore erroneous.[2] The Appellate Term reversed and remanded the case for the purpose "of finding a value for the imported baling presses, that is, the superstructures complete with the American-made power units as an entirety."

The only question before us is whether, as a matter of law, the appraisal of the complete machine was improper because a part of it constituted duty-free American goods returned. We think not.

Appellant argues that the portions of any importation of American and foreign origin must be separately appraised inasmuch as each is subject to different rates of duty. In support of this proposition, appellant cites Consolidated Sewing Machine Co. v. United States, 37

Cust.Ct. 314, Abs. 60179 (1956). In that case, electric sewing machines had been appraised without regard for the fact that their motors were of domestic manufacture and possibly entitled to free entry as American goods returned. Subsequently the machines were classified as sewing machines under paragraph 372 of the tariff laws and the importer protested. At the trial it was stipulated, in effect, that the *motors* were American goods returned. The Customs Court therefore found that the motors were properly classifiable under paragraph 1615[3] and that the appraisement of the sewing machines "as entireties" was void. It remanded the case to a single judge to determine dutiable values. See 28 U.S.C. § 2636(d) (1964).

Appellant urges that we avoid such a remand in this case by prohibiting the appraisement of these baling presses "as entireties." The Appellate Term, on the other hand, distinguished *Consolidated Sewing Machines*, saying:

In the *Consolidated* case, supra, the appraiser found but one value for the total amount of the importation. In the case at bar, however, the appraiser did find a separate value for the power units of American origin, as required by law * * *.

The inference, as we understand it, is that Judge Johnson, who wrote the *Consolidated Sewing Machine* opinion, intended to require no more of the appraiser than has been done in this case, i. e., appraisement of the *complete* article *as imported* including a separate valuation of its integrated, but identifiable, elements of American origin, entitled to duty-free entry under paragraph 1615.

The Appellate Term relied on Border Brokerage Co. v. United States, 44 Cust.

---

1. All values are given in Canadian dollars.

2. The single judge found cost of production to be the proper basis for valuation. See note 1, supra. He accepted appellant's unchallenged evidence on cost of production.

3. Paragraph 1615 in the free list of the Tariff Act of 1930 provided in relevant part:

Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means * * *.

Ct. 688, Reap.Dec. 9687 (1960), a reappraisement case which involved electric heaters, the components of which included glass panels manufactured in the United States. Judge Johnson, sitting in reappraisement, held that cost of production was the proper basis for determining the value of the heaters.[4] This value, he noted, included the value of the glass panels notwithstanding the fact that "it [was] incumbent upon the appraiser to make a return showing the value of the American goods separately." We think this was a fair indication of the kind of appraisement sought in *Consolidated Sewing Machine.*

We also find these cases in consonance with this court's holding, also relied on by the Appellate Term, in Parrot v. United States, 40 CCPA 8, C.A.D. 490 (1952), where the issue was whether a yacht, a part of which consisted of American goods returned, was properly classifiable on the basis of its total value as imported. The importer contended that its value should not include the value of the duty-free American components. This court disagreed:

> It seems to us that when the collector constructively separated from the rest of the yacht those parts which could be identified as goods of American origin and admitted them duty free, appellant received all the exemption he was entitled to * * *.

In our opinion, the principle expressed is no less applicable here.[5]

The judgment of the Appellate Term is affirmed.

Affirmed.

4. The court found:
   3. That, at or about the date of exportation of such electric heaters, such or similar merchandise was not freely offered for sale for home consumption in Canada, for exportation to the United States, or in the United States.

5. We agree with the Government that the cases cited by appellant dealing with separate classification of the pages and bindings of certain books are not appli-

cable here. United States v. Malhame & Co., 39 CCPA 108, C.A.D. 472 (1951); United States v. Wanamaker, 20 CCPA 381, T.D. 46185 (1933). Those cases were decided on the basis that certain specific provisions of the tariff law indicated a congressional intention that pages and bindings be separately treated. Those provisions have no relevance here.