**FIGURE FLATTERY, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 83–10–01574.**

United States Court of
International Trade.

Sept. 11, 1989.

---

Sharretts, Paley, Carter & Blauvelt, P.C., Gail T. Cumins and Ned H. Marshak, New York City, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, Saul Davis, New York City, for defendant.

## OPINION

AQUILINO, Judge:

This action, which has been designated a test case pursuant to CIT Rule 84(b), challenges the method by which the U.S. Customs Service determined the "United States value" of wearing apparel entered from Mexico before July 1, 1980 and the "deductive value" of similar merchandise entered after that date. The dispositive issue is one of law; no genuine issue of material fact is presented, and the parties, appropriately, have interposed cross-motions for summary judgment.

## I

Those motions show, among other things, (1) that the merchandise was assembled abroad in whole or in part of fabricated components, the product of the United States within the meaning of item 807.00, TSUS; (2) that Customs correctly determined the value of those components; (3) that, pursuant to section 402(c) of the Tariff Act of 1930, as added by Pub.L. No. 84-927, § 2(a), 70 Stat. 943 (1956), the Service correctly determined the price of the merchandise which entered before July 1, 1980 and correctly subtracted therefrom expenses and costs covered by subsections (1) and (2) of section 402(c); (4) that, for the merchandise entered thereafter, Customs correctly determined the unit price and subtracted expenses and costs from it in accordance with 19 U.S.C. § 1401a(d)(2) and (d)(3)(A)(i) through (iii); (5) that, in its calculation of United States value, the Service subtracted the value of the components eligible for exemption from duty under item 807.00 from the merchandise price prior to reducing it by "the ordinary customs duties ... currently payable on such or similar merchandise"; and (6) that, in its calculation of deductive value, Customs subtracted the value of the eligible components from the unit price before reducing it by "the customs duties ... currently payable on the merchandise".

The reference to "ordinary customs duties" in section 402(c) was in the following context:

Sec. 402. Value.

(a) ... [T]he value of imported merchandise for the purposes of this chapter shall be—

(1) the export value, or

(2) if the export value cannot be determined satisfactorily, then the United States value....

* * * * * *

### United States value

(c) For the purposes of this section, the United States value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal market of the United States for domestic consumption, packed ready for delivery, in the usual wholesale quantities and in the ordinary course of trade, with allowances made for—

\*　　\*　　\*　　\*　　\*　　\*

(3) the ordinary customs duties and other Federal taxes currently payable on such or similar merchandise by reason of its importation, and any Federal excise taxes on, or measured by the value of, such or similar merchandise, for which vendors at wholesale in the United States are ordinarily liable.

Deductive value was substituted for this provision by the Trade Agreements Act of 1979, Pub.L. No. 96–39, § 201(a), 93 Stat. 144, 194, 197 (1979). The resulting section, 19 U.S.C. § 1401a(d), states that the deductive value of the merchandise being appraised is whichever price is appropriate in accordance with subsections (2)(A)(i), (ii) or (iii), reduced by an amount equal to the sum of five enumerated factors, including:

(iv) the customs duties and other Federal taxes currently payable on the merchandise concerned by reason of its importation, and any Federal excise tax on, or measured by the value of, such merchandise for which vendors in the United States are ordinarily liable;.... [1]

The entries underlying this action occurred before and after the effective date of this substitution, July 1, 1980,[2] thereby necessitating the calculation of both United States and deductive value in this matter.

Contrary to the approach taken by Customs, the plaintiff claims that

the proper method of calculating the United States value ... of merchandise, in part, classifiable in item 807.00, TSUS, is to reduce the freely offered price by the "ordinary customs duties ... currently payable on such or similar merchandise" prior to subtracting the value of the United States components eligible for the item 807 ... duty exemption from the freely offered price.

... [T]he proper method of calculating the Deductive value ... of merchandise, in part, classifiable in item 807.00, TSUS, is to reduce the sales price by the "Customs duties ... currently payable on the merchandise concerned" prior to subtracting the value of the United States components eligible for item 807.00 ... duty exemption from the sales price.[3]

The defendant counters that

(a) U.S.V. and D.V., contemplate a deduction of the actual duties assessed, rather than theoretical deductions of duties; (b) when the U.S.V. and D.V. bases of appraisement are read together with the language of item 807.00, TSUS, it is clear that Congress only contemplated the *amount* of duty assessed, *i.e.*, the duties currently payable, to be based upon the *rate* that is appropriate for the *entire* article, without commercial segregation of the American-made components, but after the value of the American-made components have [*sic*] been deducted from the value of the entire article.[4]

And it also argues that, under plaintiff's method, the deduction prayed for would always be greater than the duties actually paid. Counsel depict this argument arithmetically (based on figures [5] for one of the pieces of wearing apparel imported) as follows:

---

**1.** 19 U.S.C. § 1401a(d)(3)(A)(iv).

**2.** *See* Pub.L. No. 96–39, § 204(a), 93 Stat. 144, 202–03 (1979) and Proclamation No. 4768, 45 Fed.Reg. 45,135, 45,137 (June 28, 1980).

**3.** Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue to be Tried, paras. 17 and 18.

**4.** Defendant's Memorandum, p. 3 (emphasis in original).

**5.** *See* Defendant's Statement of Material Facts as to Which There is No Genuine Issue to be Tried, para. 24.

| | Customs Method |
| ---------------------------------------------------------------------------------------- | -------------- |
| Gross sales price per doz. | $16.50 |
| General expenses and profit (deductions) | (4.50) |
| | 12.00 |
| Item 800.00 components (deductions) | $(.318) |
| Adjusted sales price | 11.68 |
| Item 807.00, TSUS, United States fabricated components (deductions) | (6.89) |
| Dutiable value (including duties) | 4.79 |
| Divided by 100% plus rate of duty to ascertain value less duties ($4.79/132%) | 3.63 |
| Duty deduction to arrive at final value ($4.79 − 3.63) | $ 1.16 |
| Final value multiplied by rate of duty (3.63 × 32% to arrive at actual duty paid = | $ 1.16 |

* * *

| | Plaintiff's Method |
| ---------------------------------------------------------------------------------------- | ------------------ |
| Adjusted sales price | 11.68[6] |
| Divide by 100% plus duty rate to ascertain value less duties ($11.68 divided by 132%) | 8.85 |
| Duty deduction used to arrive at claimed final U.S.V. or D.V. ($11.68 − 8.85) | 2.83 |
| Claimed dutiable value less item 807.00, TSUS, United States fabricated components ($8.85 − 6.89) | 1.96 |
| Final dutiable value multiplied by rate of duty to derive actual duties paid ($1.96 × 32%) | 0.63[7] |

According to the defendant, as exemplified by these calculations, the Customs method results in deductions equaling the duties paid.

## II

This action has been brought pursuant to 19 U.S.C. § 1515 and 28 U.S.C. § 1581(a). Section 2639(a)(1) of title 28, U.S.C. provides that, in such actions, the decision at issue "is presumed to be correct" and the "burden of proving otherwise shall rest upon the party challenging such decision."

In attempting to bear its burden, the plaintiff takes the position that deductive value is to be enforced in the same manner as United States value. The defendant does not argue otherwise[8], and the court concurs. *See, e.g.*, S.Rep. 249, 96th Cong., 1st Sess. 122 (1979), U.S.Code Cong. & Admin.News 1979, pp. 381, 508. There is sharp disagreement, however, as to the meaning of "ordinary customs duties ... currently payable on such or similar merchandise" from former section 402(c), *supra*, and of "customs duties ... currently payable on the merchandise", as enacted in 1979. The plaintiff argues that neither reference signifies actual duties paid, although conceding that the latter formulation

is more closely akin to the interpretation proposed by the Government[;] it nevertheless does not require a deduction for duties actually ultimately assessed, and in the absence of a clear indication that Congress intended to change the sub-

6. The path to this adjusted sales price is the same as shown under the Customs Method and therefore has not been repeated, in the interest of brevity.

7. Defendant's Memorandum, p. 7. *Cf.* Plaintiff's Memorandum, p. 7.

8. *See* Defendant's Memorandum, p. 5, n. 1; Defendant's Response to Plaintiff's Memorandum of Law in Reply, p. 3.

stance of this deduction when it enacted the Trade Agreements Act of 1979, must be interpreted in the same manner as the U.S. value law.[9]

The defendant takes the position that,

since the clear language of D.V. unequivocally mandates a deduction of the actual duties paid, the clear language of D.V. amply demonstrates Congress' intent in that regard.... Therefore, since there was no dispute that the duty deduction for D.V. and U.S.V. operate in the same manner, it is equally clear that U.S.V. mandates a deduction limited to the actual duty paid.[10]

The court is unable to perceive the meaning as "clearly" as either party proclaims. Indeed, were there such clarity, this opinion might not be called for. Since it is, the court has had to consider legislative history, in particular that of the 1979 act, which states that deductive value "would be determined by subtracting from [imported goods'] resale price in the United States specific elements of value that have been added to the goods, *e.g.*, customs duties, selling expenses, etc., to arrive at a value comparable to the transaction value."[11] To the extent the focus is on "ordinary" customs duties (from the former statute), that congressional choice of word was apparently intended to distinguish them from extra-ordinary duties, like those for dumping or to countervail export subsidies. *Cf. Alberta Gas Chemicals, Inc. v. Blumenthal*, 82 Cust.Ct. 77, 81–82, C.D. 4792, 467 F.Supp. 1245, 1249–50 (1979). The implication the plaintiff prefers, "potential" as opposed to "actual", is not as strong. Moreover, while "currently payable" hardly amounts to the past participle of pay, the terminology does imply to-be-paid and also legislative recognition that the process established by the Tariff Act of 1930 to arrive at the moment of final reckoning, entailing classification, appraisement, liquidation and then payment, requires more time than necessarily has past when appraisement takes place. Hence, the court concludes that the Customs concept of duties "currently payable" is a proper one.

Item 807.00, TSUS provides for a "duty upon the full value of the imported article, less the cost or value of ... products of the United States" included therein. As indicated above, in this action the Service subtracted such cost or value before deducting the duties currently payable. The plaintiff demands duty deduction at the outset, arguing that

the Government has confused two distinct requirements: (1) the statutory mandate to find an "appraised value" of merchandise; and (2) the determination of the amount of duty payable on the article, through the application of a rate of duty to the appraised value. Thus, ... the Government's proposed methodology ignores the statutory requirement that the Customs Service must initially appraise the merchandise, and in so doing determine "the full value of the imported article." It is only after the merchandise is appraised that the value of American-made components may be deducted from the appraised value pursuant to item 807.00, TSUS in order to determine the duty due. The merchandise in issue, therefore, must first be appraised as if the imported articles had not contained qualifying ... American-made components, thereby requiring the Customs Service to calculate the deduction for duty prior to subtracting the value of the U.S. components eligible for the item 807.00 ... duty exemption.

Plaintiff's Memorandum, p. 4. However, in *Millmaster International, Inc. v. United States*, 427 F.2d 811, 815, 57 CCPA 108 (1970), the court recited with approval the statement in its earlier decision in *United States v. International Packers, Ltd.*, 48 CCPA 80, 86, C.A.D. 769 (1961), that what

---

**9.** Plaintiff's Memorandum of Law in Reply, p. 2, n. 1.

**10.** Defendant's Response, p. 3 (citation omitted).

**11.** S.Rep. 249, 96th Cong., 1st Sess. 21 (1979), U.S.Code Cong. & Admin.News 1979, p. 407.

Under the act, transaction value does not include, if identifiable, the "customs duties ... currently payable on the imported merchandise by reason of its importation". 19 U.S.C. § 1401a(b)(3)(B).

an appraiser does when he employs the United States value basis is to "work back" to an approximate foreign value of the imported merchandise.

Here, the defendant relies on Headnote 3(b), which governs item 807.00, TSUS. It states:

> 3. *Articles assembled abroad with components produced in the United States.—*
>
> \* \* \* \* \* \*
>
> (b) The duty on the imported article shall be at the rate which would apply to the imported article itself, as an entirety without constructive separation of its components, in its condition as imported if it were not within the purview of this subpart. If the imported article is subject to a specific or compound rate of duty, the total duties shall be reduced in such proportion as the cost or value of such products of the United States bears to the full value of the imported article.

Two propositions are apparent from this section of the statute. The first is that the imported article, as an entirety, is determinative of the rate of duty, while the second mandates reduction of duties correlative to the article's U.S. component(s). What is not indicated is that the article, as a whole, is determinative of the duties currently payable, ergo the approach taken by Customs was not inconsistent with the statute.

The plaintiff points to a regulation, 19 C.F.R. § 10.18(a) (1980)[12], and to Customs Pub. No. 536, *807 Guide* (Import Requirements on Articles Assembled Abroad from U.S. Components (Item 807.00 TSUS) (rev. July 1985). Each, on its face, lends support[13], but not enough to lead this court to conclude that Congress intended that statutory full value under item 807.00 result in a greater duty deduction than the amount of duties actually payable.[14] As the courts have stated,

> the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.

*Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). *See, e.g., Madison Galleries, Ltd. v. United States,* 870 F.2d 627, 629–30 (Fed.Cir. 1989); *Moss Manufacturing Co. v. United States,* 13 CIT ——, ——, 714 F.Supp. 1223, 1227 (1989). Following this "familiar canon of statutory construction", this court is unable to discern a clearly expressed legislative intention that the Customs Service apply item 807.00, TSUS other than occurred in this matter.

### III

The plaintiff also attempts to rely on a number of court decisions. *Parrot v. United States,* 26 Cust.Ct. 102, C.D. 1308 (1951), *aff'd,* 40 CCPA 8, C.A.D. 490 (1952), however, supports the defendant here. In that case, the issue was the rate of duty applicable to a yacht from Canada constructed partially with U.S. components. Both courts concurred that, although exempt from duty, the components were part of the entirety for purposes of determining the rate, but not the amount, of duty payable. *Accord: C.J. Tower & Sons v. United States,* 33 Cust.Ct. 14, 24, C.D. 1628 (1954); *Border Brokerage Co. v. United States,* 44 Cust.Ct. 688, 691, Reap.Dec.

---

**12.** The text of this regulation, at the time, was as follows:

> *Statutory basis used in valuation.* As in the case of the appraisement of any other imported merchandise ..., the full value of assembled articles imported under item 807.00 ... is determined in accordance with the appropriate statutory basis.

**13.** *But cf., e.g.,* Customs Handbook 3600–03, Fundamentals of Customs Tariff & Trade Operations, p. 6–42 (May 1983):

> The mathematics of deducting duty is as follows: make all authorized deductions until there remains only the sum of the dutiable value of the merchandise and duty. If the duty is compound, deduct the specific rate. Divide the remainder by one plus the rate of duty. This will have the effect of removing the ad valorem duty and leave only the dutiable value.

**14.** The defendant contends that the differential herein would be some 350 percent, a result not refuted by the plaintiff on the numbers.

9687 (1960); *United States v. Oakville Company,* 402 F.2d 1016, 1020, 56 CCPA 1 (1968).

In yet another case relied on by the plaintiff, *John V. Carr & Son, Inc. v. United States,* 396 F.2d 1017, 55 CCPA 111, C.A.D. 942 (1968), the court once again reaffirmed the approach in *Parrot* and other, earlier decisions that the starting point in appraising articles of mixed foreign and domestic content is the merchandise as an entirety. In sum, neither that case, which did not involve item 807.00, nor any other decision cited by the parties in this action is dispositive of the precise issue before this court.

The court is thus left to conclude, in view of the foregoing points of discussion, that the plaintiff has not borne its burden of persuasion that the Customs Service took an incorrect approach in appraising the wearing apparel at issue. Plaintiff's motion for summary judgment must therefore be denied, with judgment to enter in favor of the defendant on its cross-motion.